IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL NO:

TONJA BLEVINS,                                                                                      *Plaintiff*

vs.                                                    **COMPLAINT**

HOFFMAN SWARTZ AND
ASSOCIATES, INC.,                                                                                *Defendant*

     Serve:  Hoffman Swartz and Assoc., Inc.
              2964 Ember Dr Ste 205
              Decatur, GA 30034-1505

* * * * * * * *

TONJA BLEVINS (Plaintiff), by attorneys, KROHN & MOSS, LTD., alleges and states the following against HOFFMAN SWARTZ AND ASSOCIATES, INC. (Defendant);

## INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Defendant conducts business in the state of Kentucky; therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Williamsport, Johnson County, Kentucky.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and, according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Morrow, Georgia.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around July of 2011, Defendant began placing collection calls to Plaintiff seeking and demanding payment on an alleged debt.

11. Defendant called Plaintiff from 888-315-8365, and possibly other numbers.

12. In or around July of 2011, Plaintiff's aunt, who resides in Michigan, received several calls from Defendant's representative, who identified herself as "Investigator Gilbert" ("Gilbert").

13. Gilbert told Plaintiff's Aunt that Plaintiff was being investigated for "felony fraud and theft by deception," and that it was urgent Plaintiff return the call.

14. Soon thereafter, Defendant contacted Plaintiff's other aunt, who resides in Kentucky, and told her that Plaintiff was being investigated for "writing a bad check, a felony."

15. When Plaintiff contacted Defendant's representative Gilbert, Gilbert informed Plaintiff she was calling from the "Johnson County Sheriff fraud department," and that she was investigating Plaintiff for charges brought against her for "check fraud relating to a 2008 payday loan."

16. When Plaintiff responded by saying she did not recall such a loan, Gilbert told her

she would have to "go to court to fight it, and it would cost [Plaintiff] over $8,000 to do so," unless payment was made.

17. Terrified, Plaintiff arranged to make a payment to Defendant of $160.00. (*See* Plaintiff's account statement showing payment to Defendant on 7/14/11 as Exhibit "A" hereto).

18. Defendant has continued to call Plaintiff, seeking and demanding additional payments on the alleged debt.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692c(b) of the FDCPA by communicating, without the prior consent of the consumer or a court of competent jurisdiction, in connection with the collection of any debt, with any person other than Plaintiff;
   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;
   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person called at that number;
   d. Defendant violated §1692e(1) by making the false implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof;
   e. Defendant violated §1692e(4) by making the representation of implication that nonpayment of any debt will result in the arrest or imprisonment of any person;
   f. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot be legally taken or is not intended to be taken;
   g. Defendant violated §1692e(7) of the FDCPA by making the false representation that Plaintiff committed any crime or other conduct in order to disgrace Plaintiff;
   h. Defendant violated §1692e(10) of the FDCPA by making false or deceptive representations in connection with the collection of a debt;
   i. Defendant violated §1692e(11) by the failure to disclose, in the initial and/or subsequent communication with the consumer, that the communication is from a debt collector and that any information obtained would be used for that purpose.

-4-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TONJA BLEVINS, respectfully requests judgment be entered against Defendant, HOFFMAN SWARTZ AND ASSOCIATES, INC., for the following:

a. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;
b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and
c. Any other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE, Plaintiff, TONJA BLEVINS, hereby demands a jury trial in this cause of action.

Dated: August 29, 2011                    **RESPECTFULLY SUBMITTED,**

By:  /s/ Lee Cassie Yates
Lee Cassie Yates – Atty No. 91821
KROHN & MOSS, LTD.
10 N. Dearborn, 3rd Floor
Chicago, IL 60602
(312) 578-9428
Attorney for Plaintiff